United States District Court
Southern District of Texas
FILED

MAY 1 0 2016

Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
May 12, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| PEDRO C. VILLALOBOS | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. M-13-614 |
| | § | |
| | § | |
| HUMBERTO TIJERINA, et al. | § | |
| Defendants | § | |

## REPORT & RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se and in forma pauperis ("IFP"), has filed a lawsuit under 42 U.S.C. § 1983. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is ripe for summary disposition on the record.

After a review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's § 1983 claims against the named Defendants be **DISMISSED** with prejudice as frivolous and for failure to state a claim or, alternatively, with prejudice until the *Heck* conditions are met. Further, it is respectfully recommended that any state law claims against the Defendants be dismissed without prejudice on jurisdictional grounds. Lastly, it is recommended that the case be closed.

### I.   NATURE OF THE CASE & RELEVANT BACKGROUND

This civil rights action was opened on November 12, 2013. Pursuant to the screening provision of the IFP statute, service did not issue in this case, and no answers have been filed.

Petitioner proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*,

122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against a neurosurgeon with McAllen Medical Center, as well as against Plaintiff's deceased wife's parents.   Plaintiff states that he and his wife had a harmonious relationship, but he is a grieving and an aggrieved widower now.   (Dkt. Entry No. 1 at 7; 17.)   Plaintiff alleges that the neurosurgeon with McAllen Medical Center performed brain surgery on his wife, and the surgeon's acts and omissions caused Plaintiff's wife to suffer brain damage.   Plaintiff also alleges that his (former) in-laws usurped Plaintiff's authority as a spouse by directing the medical providers to terminate life support following the unsuccessful brain surgery.   According to Plaintiff, "being a widower is mainly about feeling powerless[,] especially when I have lost a lover, my wife, without warning or any say in the matter at all."   (*Id.* at 17.)

In order to obtain some insight and context for the purposes of construing Plaintiff's inartfully-pleaded, conclusory claims, the undersigned located his criminal appeal in Westlaw. *See* FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned);   *Missionary Baptist Found. of Am., Inc. v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom."); *United States v. Capua*, 656 F.2d 1033, 1038 n.3 (5th Cir. 1981) (explaining that courts have taken judicial notice of official court records and proceedings in other state or federal court cases).

The decision by Texas's Thirteenth Court of Appeals reflects that Plaintiff is serving a life sentence for murdering his wife—the same wife who is at the center of this instant lawsuit. *Villalobos v. State*, No. 13-12-00250-CR, 2013 WL 5172208, at *2–3 (Tex. App.—Corpus Christi 2013, pet. ref'd) (not designated for publication).   The facts, which were established through Plaintiff's confession and witness testimony, show that, after hours of drinking and using cocaine, Plaintiff attacked his wife so extensively and brutally that she required an emergency craniotomy due to the traumatic head injuries inflicted upon her by Plaintiff.   *Id.* at 2.   Her condition did not improve.   *Id.*   She was pronounced brain dead following the surgery and was on life support.   *Id.*   The life support was withdrawn sometime thereafter at the request of her family.   *Id.*   She was pronounced dead on February 25, 2011.   *Id.*   An autopsy was performed by a physician, who testified at trial that the victim's cause of death was "complications of blunt force head trauma" and "the manner of death was homicide."   *Id.* at 3.

Plaintiff does not state with any degree of legal or factual clarity the type of relief he seeks from this Court.   (*See* Dkt. Entry No. 1 at 4; 17.)   Based on a review of the pleading and in light of the criminal appeal, it appears that Plaintiff hopes to rewrite the narrative of his wife's death by establishing—perhaps through a declaratory pronouncement or tort liability—that the Defendants, not Plaintiff, are responsible for his wife's death, in whole or in part.

## II. STANDARDS OF REVIEW

Plaintiff is a state prisoner proceeding IFP.   Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of Plaintiff's complaint, or any portion thereof, is permitted if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."   *Id.* at 327.   An example of an indisputably meritless legal theory is "if the complaint alleges the violation of a legal interest which clearly does not exist."   *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).   "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."   *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).   A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible."   *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).   "[D]ismissal of an *in forma pauperis* suit as frivolous under section 1915(d) is appropriate when: (I) the claim's realistic chance of success is slight; or (ii) the claim has no arguable basis in law or fact."   *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).   District courts have broad discretion in determining whether a complaint is frivolous.   *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations and quotations omitted).   A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*   Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), this Court is not required to accept as true legal conclusions couched as a factual allegations, *Iqbal*, 129 S. Ct. at 1950.

## III.   RELEVANT LAW, ANALYSIS, AND CONCLUSIONS

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).   Plaintiff's § 1983 claims are frivolous and fail to state a claim—at a minimum—because they alleged "actors" are private individuals.   The neurosurgeon and the victim's parents "are not persons acting under color of state law," which is a necessary element of a § 1983 action, because "[p]rivate individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citations omitted).   Although there are some limited situations where a private individual may act under color of state law, "such as when a private person is involved in a conspiracy or participates in joint activity with state actors," *id.*, this case is not one of those situations, nor has Plaintiff plausibly alleged so.   Because Plaintiff's § 1983 claims against the neurosurgeon and the victim's parents, who are all private individuals and non-state actors, are not well-pled and are missing an essential element.   At the same time, the claims are predicted on an indisputably meritless legal theory because they target actions by non-state actors.

Even if Plaintiff could sufficiently allege that the named Defendants are state actors (or attempted to identify actual state actors), Plaintiff runs into a problem under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."   Plaintiff is precluded from asserting claims for monetary, injunctive, or declaratory relief under § 1983 in this context because a judgment in favor of Plaintiff concerning "causation" and the person(s) responsible for his wife's death, which are matters that have already been attributed to Plaintiff by way of a criminal trial before a jury in state court and memorialized in the form of a state criminal judgment, would necessarily imply the invalidity of his conviction and sentence for "intentionally or knowingly caus[ing] the death" of his wife under Texas Penal Code § 19.02(b)(1).   *See Heck*, 512 U.S. at 487 (establishing the *Heck* rule); *see also Edwards v. Balisok*, 520 U.S. 641,648 (1997) (discussing injunctive and declaratory relief under *Heck*); *Clark v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998) (same or similar).   Thus, to the extent Plaintiff's pro se complaint asserts claims under § 1983 for an "allegedly unconstitutional conviction or imprisonment" or "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," Plaintiff's complaint must be dismissed because he fails to show that his conviction or sentence has already been invalidated.   *Heck*, 512 U.S. at 486–87.

Although Plaintiff does not expressly assert any state law claims, he uses terms and phrases such as "breach of fiduciary duty," fraud, negligence, and "standard of care" in his pleading.  (*See* Dkt. Entry No. 1 at 8.)   To the extent Plaintiff's complaint could be construed to include pendent state law claims, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over such claims. Considering the relevant factors of judicial economy, convenience, fairness, and comity, the undersigned finds that the early stage of this case (*e..g.*, no answers and no discovery), Plaintiff's conclusory allegations, his vague prayer for relief (in the context of state law and in light of the criminal judgment), and the dismissal of the federal § 1983 claims support this conclusion.  *See* 28 U.S.C. § 1367(c)(3) (explaining that a district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it has original jurisdiction);   *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed" and citing cases that support the policy under the relevant considerations discussed in *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)).[1]

## IV.   CONCLUSION

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Plaintiff's § 1983 claims against the named Defendants be **DISMISSED** with prejudice as frivolous and for failure to state a claim or, alternatively, with prejudice until the *Heck* conditions are met.   Further, it is recommended that any state law claims against the

---

[1]   The undersigned observes that the record supports the conclusion that diversity is lacking among the parties, all of whom appear to be from Texas.

Defendants be dismissed without prejudice for jurisdictional reasons. Lastly, it is recommended that the case be closed.

### Notice to the Parties

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 10th day of May, 2016.

Dorina Ramos
UNITED STATES MAGISTRATE JUDGE

8