United States District Court
Southern District of Texas
**ENTERED**
June 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PEDRO C. VILLALOBOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-00614 |
| | § | |
| HUMBERTO TIJERINA, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's 42 U.S.C. § 1983 lawsuit, which had been referred to the Magistrate Court for a report and recommendation. On May 10, 2015, the Magistrate Court issued the Report and Recommendation, recommending that Plaintiff's § 1983 claims against the named Defendants be dismissed. Plaintiff filed a response in opposition, albeit out-of-time, which the Court has nonetheless considered. However, Plaintiff's response does not raise any factual or legal objections; he simply disagrees with the recommendation and seeks an abatement of his case and appointment of counsel. Thus, the Court need not conduct a de novo review.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that Plaintiff's § 1983 claims against the named Defendants are **DISMISSED** with prejudice as frivolous and for failure to state a claim, or until the *Heck* conditions are met. It is further **ORDERED** that any state law claims against Defendants be **DISMISSED** without prejudice for jurisdictional reasons. Finally, Plaintiff's request for appointment of counsel is **DENIED**.

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Services Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(quoting Fed. R. Civ. P.72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. April 2, 2012).

IT IS SO **ORDERED.**

**DONE at McAllen, Texas, this 28th day of June, 2016.**

                                                           Micaela Alvarez
                                                           United States District Judge